## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> COVENANT HEALTHCARE, <br><br> Defendant. | **COMPLAINT** <br><br> Civil Action No.: |

NATURE OF THE ACTION

This is an action under the Equal Pay Act of 1963, Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to restrain the unlawful payment of wages to employees of one sex at rates less than the rates paid to employees of the opposite sex, to collect back wages due to Sue Davis ("Davis") as a result of such unlawful payments, to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Davis. As alleged with greater particularity below, Defendant Covenant HealthCare discriminated against Davis by paying her a lower wage than males for performing substantially equal work in the exact same position.

JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§216(c) and 217, to enforce the requirements of the Equal Pay Act of 1963 ("Equal Pay Act"), codified as Section 6(d) of the FLSA, 29 U.S.C. §206(d), and pursuant to Section 706(f)1(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Acts of 1991, 42 U.S.C. §1981a.

2.      The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Eastern District of Michigan, Southern Division.

PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission ("EEOC or Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the Equal Pay Act and Title VII and is expressly authorized to bring this action by Sections 16(c) and 17 of the FLSA, 29 U.S.C. §§216(c) and 217, as amended by Section 1 of the Reorganization Plan No. 1. of 1978, 92 Stat. 3781, and Public Law 98-532 (1984), 98 Stat. 2705, and by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant, Covenant Healthcare ("Defendant Employer"), a Michigan non-profit corporation, has continuously been doing business in the State of Michigan and the City of Saginaw and has continuously had at least 15 employees.

5.      At all relevant times, Defendant Employer has continuously acted directly or indirectly as an employer in relation to employees and has continuously been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d).

6.      At all relevant times, Defendant Employer has continuously employed employees engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(b), (i) and (j) of the FLSA, 29 U.S.C. §§203(b), (i) and (j).

7.      At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meanings of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§2000e(b), (g) and (h).

### CONDITIONS PRECEDENT

8.      More than thirty days prior to the institution of this lawsuit, Sue Davis filed a charge with the Commission alleging violations of the Equal Pay Act and Title VII.

9.      On September 24, 2019, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the Equal Pay Act and Title VII were violated and inviting Defendant to join with the Commission in informal

methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

10.     On October 10, 2019, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11.     The Commission engaged in communications with Defendant Employer to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination. However, the Commission was unable to secure from Defendant Employer a conciliation agreement acceptable to the Commission.

12.      All conditions precedent to the institution of this lawsuit have been fulfilled.

STATEMENT OF TITLE VII CLAIMS

13.     Since at least May of 2017, Defendant Employer has engaged in unlawful employment practices at its Saginaw, Michigan location in violation of Section 706(f)(1) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and Section 102 of the Civil Rights Act of 1991, 24 U.S.C. § 1981a.

14.     The unlawful practices include subjecting Davis to disparate treatment with respect to the terms and conditions of employment based on sex (female).

15.     Defendant is a healthcare system that employs more than 4,400 people. Defendant provides healthcare for patients located in the Great Lakes Bay Region and is primarily located in Saginaw, Michigan.

16.     Defendant hired Davis on or around June 2, 2008.

17.      In 2016, Davis began working for Defendant as a Financial Analyst/Report Writer.

18.     In or around February of 2017, Defendant went through a reorganization. As a result of this reorganization, Davis became a Business Intelligence Developer One ("BI Developer One").

19.     The BI Developer One position and the Financial Analyst position involved many of the same responsibilities.

20.     Davis's starting salary as a BI Developer One was $31.05 per hour.

21.     In or around May of 2017, Jeffrey Owczarzak, a male, became a BI Developer One.

22.     Unlike Davis, Owczarzak did not work for Defendant as a Financial Analyst/Report Writer prior to becoming a BI Developer One. Owczarzak worked in Defendant's Reimbursement Department before transferring to the BI Developer One position.

23.     Owczarzak's starting salary as a BI Developer One was $39.16 per hour.

24.     In 2017, Defendant hired Duane LaPratt, a male, as a BI Developer One.

25.     LaPratt worked for another company before Defendant hired him.

26.     LaPratt's starting salary as a BI Developer One was $35.05 per hour.

27.     As BI Developers, Davis, Owczarzak and LaPratt all use business-intelligence applications in order to retrieve and analyze medical data and to create reports for Defendant.

28.     As a BI Developer One, Davis performs equal work under similar working conditions as Owczarak and LaPratt. Thus, Davis is similarly situated to Owczarak and LaPratt.

29.      Defendant paid and continues to pay Davis a lower wage than it pays Owczarzak and LaPratt for equal work.

30.      The effect of the unlawful practices complained of above has been to deprive Davis of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex.

31.     The unlawful employment practices complained of above were and are intentional.

32.     The unlawful employment practices complained of above were and are done with malice or reckless indifference to the federally protected rights of Davis.

## STATEMENT OF EQUAL PAY ACT CLAIMS

33.     Since at least May of 2017, Defendant has violated Sections 6(d)(1) and 15(a)(2) of the FLSA, 29 U.S.C. §§206(d)(1) and 215(a)(2), by paying Davis wages at a rate less than it pays males who hold the BI Developer One position.

34.     The Commission re-alleges and incorporates by reference the allegations set forth in paragraphs 15 through 29.

35.     The disparity in pay is based on sex because Davis held and continues to hold the exact same position as the male BI Developer Ones, a position that requires equal skill, effort and responsibility.

36.     As a result of the actions complained of above, the Defendant Employer has unlawfully withheld and continues to withhold the payment of wages due to Davis.

37.     The unlawful practices complained of above were and are willful.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

a.     Grant a permanent injunction enjoining Defendant Employer from engaging in any employment practices which discriminate on the basis of sex.

b.     Grant a permanent injuncting enjoining Defendant Employer from paying wages to employees of one sex at rates less than rates at which they pay

employees of the opposite sex for substantially equal work, considering the skills, efforts, and responsibilities of the jobs performed under similar working conditions.

     c.     Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and which eradicate the effects of its past and present unlawful employment practices.

     d.     Order Defendant Employer to pay appropriate back wages, in amounts to be determined at trial, and an equal sum of liquidated damages, and prejudgment interest to Davis, and provide other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

     e.     Order Defendant Employer to make whole Davis by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including but not limited to emotional pain, suffering, inconvenience and humiliation, in amounts to be determined at trial.

     f.     Order Defendant Employer to pay Davis punitive damages for its intentional, malicious and reckless conduct, as described above, in amounts to be determined at trial.

     g.     Grant such further relief as the Court deems necessary and proper.

     h.     Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its

complaint.

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

SHARON FAST GUSTAFSON

General Counsel

JAMES L. LEE

Deputy General Counsel

GWENDOLYN YOUNG REAMS

Associate General Counsel

KENNTH L. BIRD

Regional Attorney

OMAR WEAVER

Supervisory Trial Attorney

/s/Karen L. Brooks (IL ARDC# 6285816)
Trial Attorney – Detroit Field Office
477 Michigan Avenue, Room 865
Detroit, Michigan 48226
(313)226-7597
Karen.Brooks@eeoc.gov

Dated: March 11, 2020